| | |
|---|---|
| 1 | |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| PRESIDIO COMPONENTS, INC., | ) | Civil No. 07cv893 IEG (NLS) |
| Plaintiff, | ) | |
| v. | ) | **ORDER DENYING WITHOUT PREJUDICE MOTION TO PRECLUDE PLAINTIFF FROM OFFERING OR RELYING UPON DR. EDWARD GODSCHALK AT THE CLAIM CONSTRUCTION HEARING** |
| AMERICAN TECHNICAL CERAMICS CORPORATION, | ) ) ) | |
| Defendant. | ) | [Doc. No. 37] |
| AMERICAN TECHNICAL CERAMICS CORPORATION, | ) ) | |
| Counterclaimant, | ) | |
| v. | ) | |
| PRESIDIO COMPONENTS, INC., | ) | |
| Counterdefendants. | ) | |

Defendant/Counterclaimant American Technical Ceramics Corporation (ATC) filed a motion to preclude Plaintiff/Counterdefendant Presidio Components, Inc. (Presidio) from relying upon its expert, Dr. Godshalk, in its claim construction briefs or at the claim construction hearing. ATC says that Dr. Godschalk's declaration does not disclose the substance of his opinions. ATC argues that Dr. Godshalk's conclusory declaration will cause ATC to suffer substantial prejudice and harm at claim construction because it is preventing ATC from conducting a meaningful deposition of Dr. Godschalk. Without a deposition, ATC fears it will be sandbagged at the claim construction hearing.

Presidio argues that Dr. Godschalk's summary complies with the Patent Local Rules and is sufficiently detailed to allow ATC to take a meaningful deposition. It says that ATC placed unreasonable demands on the requirements of Dr. Godschalk's summary. Presidio also submits that ATC's expert summary goes well beyond the requirements of the Patent Local Rules.

This Court must decide whether Dr. Godschalk's summary satisfies the requirement of the Patent Local Rules. Under Patent Local Rule 4.2(c)(2), the Court requires the parties to file a Joint Hearing Statement that includes:

> Whether any party proposes to call one or more witnesses, including experts, at the Claim Construction Hearing, the identity of each such witness, and for each expert, a summary of each opinion to be offered in sufficient detail to permit a meaningful deposition of that expert.

This Court will not compare Dr. Godshalk's summary to the summary of ATC's expert, Dr. Dougherty, because Dr. Dougherty's summary goes well beyond what Patent Local Rule 4.2(c)(2) requires. While significantly less detailed than Dr. Dougherty's, Dr. Godshalk's declaration provides a summary of his opinions for each claim term in dispute. Additionally, his declaration references each piece of extrinsic and intrinsic evidence on which he bases his proposal. He also states in general terms why he believes ATC's constructions are incorrect. Knowing his ultimate conclusions and the evidence on which he relies, ATC should have a clear idea of what to address in a deposition of Dr. Godshalk. Also, armed with its own detailed expert report, ATC can frame questions as to the meaning of the claim terms in dispute, and can ask Dr. Godshalk how and why his opinion differs from its own expert's opinion. In sum, this Court finds that Dr. Godshalk's declaration provides a summary of sufficient detail so as to permit ATC take a meaningful deposition of Dr. Godshalk.

Further, ATC prematurely argues it will be substantially prejudiced by allowing Presidio to rely on the testimony of Dr. Godshalk. ATC deliberately postponed Dr. Godshalk's deposition originally scheduled for March 5, 2008, opting instead to bring this motion before the Court. If, after taking Dr. Godshalk's deposition, ATC still believes his prospective testimony will be too vague or general to assist the Court in construing claims terms, they may argue that point in their claims construction brief. But as of now–before ATC has attempted a deposition and before ATC has seen any expert declaration that may be filed in conjunction with Presidio's claim construction brief–this Court has no basis to

1  recommend that Presidio be precluded from relying on or offering the testimony of Dr. Godshalk.
2  Therefore, this Court **DENIES without prejudice** ATC's motion to preclude Presidio from offering or
3  relying on Dr. Godshalk's testimony.
4       As for scheduling, the current Scheduling Order calls for the close of claim construction
5  discovery on March 12, 2008 and for parties to file their opening briefs and any evidence supporting
6  claim construction by March 26, 2008.  The Court will not continue the time for the parties to file their
7  opening briefs and evidence.  It will, however, continue the deadline to complete claim construction
8  discovery from March 12, 2008 to ***March 17, 2008***.  If ATC seeks to take Dr. Godshalk's deposition,
9  Presidio must make Dr. Godshalk available for deposition no later than March 17, 2008.
10       **IT IS SO ORDERED.**
11  DATED: March 7, 2008

                                                 Hon. Nita L. Stormes
                                                 U.S. Magistrate Judge