FILED
08 MAR 10 AM 11:09
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

## UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRESIDIO COMPONENTS, INC., ) | Case No. 3:07-cv-00893-IEG-NLS |
| Plaintiff, ) | **PROTECTIVE ORDER** |
| v. ) | |
| AMERICAN TECHNICAL CERAMICS CORP., ) | |
| Defendant. ) | |
| AND RELATED ACTIONS ) | |

The Court recognizes that at least some of the documents and information ("materials") being sought through discovery in the above-captioned action are, for competitive reasons, normally kept confidential by the parties. The parties have agreed to be bound by the terms of this Protective Order ("Order") in this action.

The materials to be exchanged throughout the course of the litigation between the parties may contain trade secret or other confidential research, technical, cost, price, marketing or other commercial information, as is contemplated by Federal Rule of Civil Procedure 26(c)(7). The purpose of this Order is to protect the confidentiality of such materials as much as practical during the litigation. THEREFORE:

### DEFINITIONS

1.  The term "Confidential Information" shall mean and include information contained or disclosed in any materials, including documents, portions of documents, answers to interrogatories, responses to requests for admissions, trial testimony, deposition testimony,

442014-1 BSCHATZ

and transcripts of trial testimony and depositions, including data, summaries, and compilations derived therefrom that a producing party, including any party to this action and any non-party producing information or material voluntarily or pursuant to a subpoena or a court order, considers to constitute or to contain trade secrets or other confidential technical, sales, marketing, financial, or other commercial information, whether embodied in physical objects, documents or the factual knowledge of persons, and which has been so designated by the producing party.

     2.     The term "materials" shall include, but shall not be limited to: documents; correspondence; memoranda; bulletins; blueprints; specifications; customer lists or other material that identify customers or potential customers; price lists or schedules or other matter identifying pricing; minutes; telegrams; letters; statements; cancelled checks; contracts; invoices; drafts; books of account; worksheets; notes of conversations; desk diaries; appointment books; expense accounts; recordings; photographs; motion pictures; compilations from which information can be obtained and translated into reasonably usable form through detection devices; electronic documents and emails; sketches; drawings; notes (including laboratory notebooks and records); reports; instructions; disclosures; other writings; models and prototypes and other physical objects.

     3.     The term "counsel" shall mean outside counsel of record, and other attorneys, paralegals, secretaries, and other support staff employed in the law firms.

## GENERAL RULES

     4.     Each party to this litigation that produces or discloses any materials, answers to interrogatories, responses to requests for admission, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, or information that the producing party believes should be subject to this Protective Order may designate the same as "CONFIDENTIAL" and/or "ATTORNEYS EYES ONLY" by placing the following legend on

442014-1 BSCHATZ

every page of the written material prior to production: "CONFIDENTIAL" and/or "ATTORNEYS EYES ONLY."

   a. Designation as "CONFIDENTIAL:" Any party may designate information as "CONFIDENTIAL" only if, in the good faith belief of such party and its counsel, the unrestricted disclosure of such information could be potentially prejudicial to the business or operations of such party.

   b. Designation as "ATTORNEYS EYES ONLY:" Any party may designate information as "ATTORNEYS EYES ONLY" only if, in the good faith belief of such party and its counsel, the information is among that considered to be most sensitive by the party, including but not limited to trade secret or other confidential research, development, financial or other commercial information.

  5. In the event the producing party elects to produce materials for inspection, no marking need be made by the producing party in advance of the initial inspection. For purposes of the initial inspection, all materials produced shall be temporarily considered as "ATTORNEYS EYES ONLY," and shall be treated as such pursuant to the terms of this Order. Thereafter, upon selection of specified materials for copying by the inspecting party, the producing party shall, within a reasonable time prior to producing those materials to the inspecting party, mark the copies of those materials that contain Confidential Information with the appropriate confidentiality marking.

  6. Whenever a deposition taken on behalf of any party involves a disclosure of Confidential Information of any party or a non-party:

442014-1 BSCHATZ

a. said deposition or portions thereof may be designated as containing Confidential Information subject to the provisions of this Order; such designation shall be made on the record whenever possible, but a party may designate portions of depositions as containing Confidential Information after transcription of the proceedings; a party shall have until fifteen (15) days after receipt of the deposition transcript to inform the other party or parties to the action of the portions of the transcript designated "CONFIDENTIAL" and/or "ATTORNEYS EYES ONLY;" all information disclosed during a deposition shall be deemed ATTORNEYS EYES ONLY until the time within which it may be designated as CONFIDENTIAL and/or ATTORNEYS EYES ONLY has passed;

b. the disclosing party or non-party shall have the right to exclude from attendance at said deposition, during such time as the Confidential Information is to be disclosed, any person other than the deponent, who is not qualified under this Protective Order to have access to such Confidential Information; and

c. the originals of said deposition transcripts and all copies thereof shall bear the legend "CONFIDENTIAL" and/or "ATTORNEYS EYES ONLY," as appropriate, and parts of deposition transcripts containing "CONFIDENTIAL" and/or "ATTORNEYS EYES ONLY" may be separately bound, and the original or any copy ultimately presented to a court for filing shall not be filed unless it

442014-1 BSCHATZ

can be accomplished under seal, identified as being subject to this Order, and protected from being opened except by order of this Court.

    d.    In the event the deposition is videotaped and Confidential Information is revealed therein, the original and all copies of the videotape shall be marked by the video technician to indicate that the contents of the videotape are subject to this Protective Order, substantially as set forth below:

> This videotape contains confidential testimony used in this case and is not to be viewed or the contents thereof to be displayed or revealed except pursuant to the Protective Order entered in this matter, by order of the Court, or pursuant to written stipulation of the parties.

7.    All Confidential Information designated as "CONFIDENTIAL" and/or "ATTORNEYS EYES ONLY" shall not be disclosed by the receiving party to anyone other than those persons designated herein and shall be handled in the manner set forth below and, in any event, shall not be used for any purpose other than in connection with this litigation, unless and until such designation is removed either by agreement of the parties, or by order of the Court. Any individual who obtains, receives, has access to, or otherwise learns, in whole or in part, technical information designated ATTORNEYS' EYES ONLY under this Protective Order shall not prepare, prosecute, supervise, or assist in the prosecution of any patent application claiming multilayer capacitor technology within two (2) years from the disclosure of such technical information or one (1) year after the conclusion of this litigation, including any appeals, whichever period is longer. To ensure compliance with this provision, the parties shall create an ethical wall between those persons with access to technical information designated ATTORNEYS' EYES ONLY under this Protective Order and those individuals who prepare, prosecute, supervise, or assist in the prosecution of any patent application claiming multilayer capacitor technology.

8.    Information designated "ATTORNEYS EYES ONLY" shall be available only to the following:

442014-1 BSCHATZ

a. Outside litigation counsel working on this action, including from the law firms of Grant & Zeko, PC; Wood, Herron & Evans, L.L.P., and Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C., and supporting personnel employed by those attorneys, such as paralegals, legal translators, legal secretaries, legal clerks, shorthand reporters; and any copying or other clerical litigation support services working at the direction of any such attorneys, paralegals or clerical employees;

b. Any person not currently or formerly employed by, consulting with, or affiliated with a party or a competitor who is specifically retained by any attorney described in paragraph 8(a) to assist in preparation of this action for trial as a consultant or testimonial expert, with disclosure only to the extent necessary to perform such work; provided, however, that such person has signed the form attached hereto as Exhibit A agreeing to be bound by the terms of this Protective Order, and provided that no unresolved objections to such disclosure exist after proper notice has been given to all parties as set forth in paragraph 10(b), below;

c. No more than two (2) in-house attorneys or officers of the receiving party (including support staff as reasonably necessary), who have signed the form attached hereto as Attachment A, who are responsible for and/or working directly in the prosecution or defense of this action, and are not presently directly involved in patent procurement activities and/or in business decision-making and

442014-1 BSCHATZ

       provided that no unresolved objections to such disclosure exist after proper notice has been given to all parties as set forth in paragraph 10(b), below;

   d. the Court, its personnel and stenographic reporters (under seal or with other suitable precautions determined by the Court);

   e. independent legal translators retained to translate in connection with this action; independent stenographic reporters and videographers retained to record and transcribe testimony in connection with this action; graphics, translation, or design services retained by counsel for purposes of preparing demonstrative or other exhibits for deposition, trial, or other court proceedings in the actions; non-technical jury or trial consulting services not including mock jurors.

  9. Information designated "CONFIDENTIAL" shall be available to all the persons identified in paragraph 8 and to no more than two (2) employees of a receiving party who are required to participate in policy decisions with reference to this action, provided that they are not presently directly involved in patent procurement activities and/or in product development decision-making, provided each such individual has read this Order in advance of disclosure and has executed a copy of the form attached hereto as Exhibit A agreeing in writing to be bound by its terms and provided that no unresolved objections to such disclosure exist after proper notice has been given to all parties as set forth in paragraph 10(b), below.

  10. Before counsel for a Receiving party may disclose any Confidential Information designated CONFIDENTIAL and/or ATTORNEYS EYES ONLY to a person described in paragraph 8(b), 8(c), and 9 above, of this Protective Order:

      a.      counsel shall provide a copy of this Protective Order to such person, who shall sign a copy of the form attached hereto as Exhibit A; and

      b.      at least ten (10) business days before any such disclosure, counsel for the Receiving party shall notify, by electronic mail and overnight courier, all counsel of record in writing of the intent to disclose CONFIDENTIAL and/or ATTORNEYS EYES ONLY Confidential Information to such person.  The notice shall include a copy of the form attached hereto as Exhibit A signed by the person and shall identify his or her title, job responsibilities and affiliation(s) with the receiving party. For a person described in paragraph 8(b), the notice shall also include the person's resume, curriculum vitae or other information adequate to disclose the person's employment and consulting history for the past five (5) years, including the subject matter of such engagements.

      If any party objects to the disclosure of CONFIDENTIAL and/or ATTORNEYS EYES ONLY Confidential Information to such person, the party shall notify counsel for the Receiving party in writing of the party's objection(s) to such disclosure prior to the date on which the disclosure is intended to be made, stating the ground(s) for such objection(s) with specificity.  Should the party intending to make the disclosure disagree with the ground(s) for the objection(s), the parties must first attempt to resolve the objection(s) informally. If the informal efforts do not resolve the dispute within ten (10) days, the party intending to disclose may file a motion requesting that the objection(s) be quashed after that ten (10) day period has passed. The objecting party shall have the burden of justifying the objection(s). Pending a ruling by the Court upon any such objection(s), the Confidential Information shall not be disclosed to the person objected to by the objecting party.  In the event that a motion to quash the objection(s) is granted based on a showing that the objection(s) were clearly unjustified or have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process, or to

442014-1 BSCHATZ

impose unnecessary expenses and burdens on other parties), this Court may subject the objecting party to sanctions, including requiring the objecting party to reimburse the party intending to disclose, within thirty (30) days of such motion to quash being granted, for the attorneys' fees and costs incurred by the party intending to disclose in bringing such motion to quash.

    11.  Nothing in this Protective Order shall preclude any party to this lawsuit or its attorneys (a) from showing any material designated "CONFIDENTIAL" and/or "ATTORNEYS EYES ONLY," to any person indicated on the face of the document to be its originator, author or a recipient of a copy thereof, or who, prior to the filing of this action, was or would have been authorized to prepare, receive, or review such Confidential Information, including but not limited to, as a result of his/her affiliation with the producing party, its customers, consultants, licensees, licensors, and suppliers, or (b) from disclosing or using, in any manner or for any purpose, its own Confidential Information designated as CONFIDENTIAL and/or ATTORNEYS EYES ONLY. Furthermore, nothing in this Protective Order shall preclude the producing party from disclosing or using, in any manner or for any purpose, any documents prepared by the receiving party which include the CONFIDENTIAL and/or ATTORNEYS EYES ONLY material of the producing party, that are filed with the Court and/or served on the producing party. Notwithstanding any designation of Confidential Information by a producing party under this Order, any witness may be shown at a deposition, and examined on, any Confidential Information that the witness prepared or authored or who, prior to the filing of this action, was or would have been authorized to prepare, receive, or review such Confidential Information, including but not limited to, as a result of his/her affiliation with the producing party, its customers, consultants, licensees, licensors, and suppliers. The witness may also be shown at a deposition, and examined on, any Confidential Information for which specific documentary or testimonial evidence indicates (i) that the Confidential Information was communicated to or from

442014-1 BSCHATZ

the witness, or (ii) if the producing party of the Confidential Information agrees. Nothing in this paragraph 11 shall preclude or restrict persons qualified under paragraph 8(b) in having access to, being shown at a deposition, and examined on any Confidential Information designated as CONFIDENTIAL and/or ATTORNEYS EYES ONLY.

12. All information which has been designated as "CONFIDENTIAL" and/or "ATTORNEYS EYES ONLY" by the producing or disclosing party, and any and all reproductions thereof, shall be retained in the custody of any person who is qualified under this Protective Order to have access to such Confidential Information. Nothing herein shall, however, restrict a qualified recipient from making working copies, abstracts, digests and analyses of CONFIDENTIAL and/or ATTORNEYS EYES ONLY information for use in connection with this litigation and such working copies, abstracts, digests and analyses shall be deemed CONFIDENTIAL and/or ATTORNEYS EYES ONLY information under the terms of this Protective Order. Further, nothing herein shall restrict a qualified recipient from converting or translating CONFIDENTIAL and/or ATTORNEYS EYES ONLY information under the terms of this Protective Order. Further, nothing herein shall restrict a qualified recipient from converting or translating CONFIDENTIAL and/or ATTORNEYS EYES ONLY information into machine readable form for incorporation into a data retrieval system used in connection with this action, provided that access to CONFIDENTIAL and/or ATTORNEYS EYES ONLY information, in whatever form stored or reproduced, shall be limited to qualified recipients.

13. Before any materials produced in discovery, answers to interrogatories, responses to requests for admissions, deposition transcripts, or other documents which are designated as Confidential Information are filed with the Court for any purpose, the party seeking to file such material shall seek permission of the Court to file said material under seal. The

442014-1 BSCHATZ

parties will follow and abide by applicable law, including Civ. L.R. 7.3, with respect to filing documents under seal in this Court.

14.    At any stage of these proceedings, any party may object to a designation of the materials as Confidential Information. The party objecting to confidentiality shall notify, in writing, counsel for the designating party of the objected-to materials and the grounds for the objection. If the dispute is not resolved consensually between the parties within seven (7) business days of receipt of such a notice of objections, the objecting party may move the Court for a ruling on the objection. The materials at issue shall be treated as Confidential Information, as designated by the designating party, until the Court has ruled on the objection or the matter has been otherwise resolved. The designating party shall have the burden of justifying the disputed designation by proving that the information in question is within the scope of protection afforded by Fed. R. Civ. P. 26(c). In the event that the Court rules that the Confidential Information in question is not entitled to such designation based on a showing that such designation was clearly unjustified or has been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties), this Court may subject the designating party to sanctions, including requiring the designating party to reimburse the receiving party, within thirty (30) days of such ruling, for the attorneys' fees and costs incurred by the receiving party in bringing a motion challenging such designation.

15.    All Confidential Information shall be held in confidence by those inspecting or receiving it, and shall be used only for purposes of this action. Counsel for each party, and each person receiving Confidential Information shall take reasonable precautions to prevent the unauthorized or inadvertent disclosure of such information. If Confidential Information is disclosed to any person other than a person authorized by this Order, the party responsible for the unauthorized disclosure must immediately bring all pertinent facts relating to

442014-1 BSCHATZ

the unauthorized disclosure to the attention of the other parties and, without prejudice to any rights and remedies of the other parties, make every effort to prevent further disclosure by the party and by the person(s) receiving the unauthorized disclosure.

16. No party shall be responsible to another party for disclosure of Confidential Information under this Order if the information in question is not labeled or otherwise identified as such in accordance with this Order. All Confidential Information not reduced to documentary, tangible or physical form or which cannot be conveniently designated as set forth in paragraph 4, shall be designated by the producing party by informing the receiving party of the designation in writing.

17. If a party, through inadvertence, produces any Confidential Information without labeling or marking or otherwise designating it as such in accordance with this Order, such inadvertent failure shall not waive any such designation provided that the designating party gives written notice to the receiving party that the document or thing produced is deemed Confidential Information and provides substituted copies of properly designated Confidential Information within ten (10) days from when the failure to designate first became known to the designating party. The receiving party must treat the materials as confidential and shall make reasonable efforts to retrieve documents distributed to persons not entitled to receive documents with the corrected designation, once the designating party so notifies the receiving party and provides substitute copies.

18. Nothing herein shall prejudice the right of any party to object to the production of any discovery material on the grounds that the material is protected as privileged or as attorney work product. The inadvertent production of Confidential Information subject to the attorney-client privilege and/or the attorney work-product privilege does not waive the attorney client privilege and/or the attorney work-product privilege. Any party who inadvertently discloses

442014-1 BSCHATZ

documents that are privileged or otherwise immune from discovery shall, promptly upon discovery of such inadvertent disclosure, so advise the receiving party and request that the documents be returned. The receiving party shall return such inadvertently produced documents, including all copies, within 10 days of receiving such a written request. The party returning such inadvertently produced documents may thereafter seek re-production of any such documents pursuant to applicable law. Nothing herein shall prevent the Receiving Party from preparing a record for its own use containing the date, author, addresses, and topic of the Confidential Information and such other information as is reasonably necessary to identify the Confidential Information and describe its nature to the Court in any motion to compel production of the Confidential Information.

19. Nothing in this Order shall bar counsel from rendering advice to their clients with respect to this litigation and, in the course thereof, relying upon any information designated as Confidential Information, provided that the contents of the information shall not be disclosed.

20. This Order shall be without prejudice to the right of any party to oppose production of any information for lack of relevance or any other ground other than the mere presence of Confidential Information. The existence of this Order shall not be used by either party as a basis for discovery that is otherwise improper under the Federal Rules of Civil Procedure.

21. Nothing herein shall be construed to prevent disclosure of Confidential Information if such disclosure is required by law or by order of the Court. If at any time Confidential Information is subpoenaed by any court, arbitral, administrative or legislative body, the person to whom the subpoena or other request is directed shall immediately give written notice thereof to every party who has produced such Confidential Information and to its counsel and shall provide each such party with an opportunity to object to the production of confidential materials.

442014-1 BSCHATZ

1  If a producing party does not move for a protective order within ten (10) days of the date written
2  notice is given, the party to whom the referenced subpoena is directed may produce such
3  Confidential Information in response thereto.
4        22.    Upon final termination of this action, including any and all appeals, counsel
5  for each party shall, upon request of the producing party, return all Confidential Information to the
6  party that produced the information, including any copies, excerpts, and summaries thereof, or
7  shall destroy same at the option of the receiving party, and shall purge all such information from
8  all machine-readable media on which it resides. Notwithstanding the foregoing, counsel for each
9  party may retain all pleadings, briefs, memoranda, motions, and other documents filed with the
10  Court that refer to or incorporate Confidential Information, and will continue to be bound by this
11  Order with respect to all such retained information. Further, attorney work product materials that
12  contain Confidential Information need not be destroyed, but, if they are not destroyed, the person
13  in possession of the attorney work product will continue to be bound by this Order with respect to
14  all such retained information.
15        23.    The restrictions and obligations set forth herein shall not apply to any
16  information that: (a) the parties agree should not be designated Confidential Information; (b) the
17  parties agree, or the Court rules, is already public knowledge; (c) the parties agree, or the Court
18  rules, has become public knowledge other than as a result of disclosure by the receiving party, its
19  employees, or its agents in violation of this Order; or (d) has come or shall come into the receiving
20  party's legitimate knowledge independently of the production by the designating party. Prior
21  knowledge must be established by pre-production documentation.
22        24.    The restrictions and obligations herein shall not be deemed to prohibit
23  discussions of any Confidential Information with anyone if that person already has or obtains
24  legitimate possession thereof.

442014-1 BSCHATZ

25. Third parties producing documents in the course of this action may also designate Confidential Information as CONFIDENTIAL and/or ATTORNEYS EYES ONLY, subject to the same protections and constraints as the parties to the action. A copy of this Protective Order shall be served along with any subpoena served in connection with this action. All Confidential Information produced by such third party shall be treated as ATTORNEYS EYES ONLY for a period of 15 days from the date of their receipt, and during that period any party may designate such documents as CONFIDENTIAL and/or ATTORNEYS EYES ONLY pursuant to the terms of this Protective Order

26. Transmission by facsimile is acceptable for all notification purposes herein.

27. This Order may be modified by agreement of the parties, subject to approval by the Court.

28. The Court may modify the terms and conditions of this Order for good cause, or in the interest of justice, or on its own order at any time in these proceedings. The parties prefer that the Court provide them with notice of the Court's intent to modify the Order and the content of those modifications, prior to entry of such an order.

IT IS SO ORDERED this 7th day of March 2008.

_____
Judge, United States District Court

442014-1 BSCHATZ

# EXHIBIT A

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRESIDIO COMPONENTS, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> AMERICAN TECHNICAL CERAMICS CORP., ) <br> ) <br> Defendant. ) <br> ) <br> AND RELATED ACTIONS_____ ) | Case No. 3:07-cv-00893-IEG-NLS <br><br> **AGREEMENT TO BE BOUND** <br> **BY PROTECTIVE ORDER** |

I, _____, declare and say that:

1.  I am employed as _____

by _____.

2.  I have read the Protective Order entered in Presidio Components, Inc. v. American Technical Ceramics Corp., Case No. 3:07-cv-00893-IEG-NLS.

3.  I promise that I will use any and all "CONFIDENTIAL" and/or "ATTORNEYS EYES ONLY" information, as defined in the Protective Order, given to me only in a manner authorized by the Protective Order, and only to assist counsel in the litigation of this matter.

4.  I promise that I will not disclose or discuss such "CONFIDENTIAL" and/or "ATTORNEYS EYES ONLY" information with anyone other than the persons described in paragraphs 8 and 9 of the Protective Order.

5.  I acknowledge that, by signing this agreement, I am subjecting myself to the Jurisdiction of the United States District Court for the Southern District of California with respect to enforcement of the Protective Order.

442014-1 BSCHATZ

6. I understand that any disclosure or use of "CONFIDENTIAL" and/or "ATTORNEYS EYES ONLY" information in any manner contrary to the provisions of the Protective Order may subject me to sanctions for contempt of court.

I declare under penalty of perjury that the foregoing is true and correct.

Dated:_____     _____

442014-1 BSCHATZ